JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
    E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
    Email: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>         Plaintiffs,<br><br>         v.<br><br>WIN.IT AMERICA, INC., a California Corporation; and DOES 1-10, Inclusive,<br><br>         Defendants. | Case No.: 2:17-cv-08826-PSG-MRW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br>**(5) CONTRIBUTORY TRADEMARK INFRINGEMENT**<br>**(6) VICARIOUS TRADEMARK INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), do hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendant WIN.IT AMERICA, INC., and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.      Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.  BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.  Additionally, one of BMW NA's four Vehicle Distribution Centers and two of its six Parts Distribution Centers are located in California.  BMW NA also has more than fifty (50) dealerships throughout the state of California.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation.  BMW (US) Holding Corporation is an indirectly wholly-owned subsidiary of BMW AG.

2.      Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.      Plaintiffs are informed and believe that Defendant WIN.IT AMERICA, INC. (hereinafter "WIN.IT") is now, and was at the time of the filing of this Complaint, and at all intervening times, a California corporation that operates nine (9) fulfillment centers throughout the world, including its principal place of business located in the City of Industry, California.

4.      Plaintiffs are informed and believes that Defendant WIN.IT imports and distributes products advertised for sale and sold on www.ebay.com ("eBay"),

in conjunction with many eBay seller IDs, including but not limited to "e-life008," "bosmaa-com," "e-linetime," "stefan.zheng," "jack_hz," "auto-brother," "kmotorwholesale2001," "highqualitystore08," "ggbaton," "kkonetoys," "startyou88," and "mitbike110."

5.   Plaintiffs are informed and believe that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant WIN.IT, did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

6.   Plaintiffs are informed and believe that since the time of its creation, now, and at all times relevant to this Complaint, Defendant WIN.IT was undercapitalized.

7.   Plaintiffs are informed and believe that since the time of its creation, now, and at all times relevant to this Complaint, Defendant WIN.IT failed to observe corporate formalities required by law.

8.   The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as Does 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Doe defendants by such fictitious names. When the true names and capacities of said Doe defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

9.   Plaintiffs further allege that Defendants WIN.IT and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

10.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendant WIN.IT, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

1

## JURISDICTION / VENUE

2

11.     This Court has jurisdiction over the subject matter of the First, Second,

3

and Third Causes of Action (violation of the *Lanham Act*) pursuant to 15 U.S.C. §

4

1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

5

12.     This Court has personal jurisdiction over Defendants as Defendants

6

conduct business from a principal place of business within this jurisdiction and have

7

committed the tortious activities of trademark and patent infringement and unfair

8

competition in this district.  Defendants have sufficient minimum contacts with this

9

district such that the exercise of jurisdiction over Defendants by this Court does not

10

offend traditional notions of fair play and substantial justice.  Among other things,

11

Defendants have advertised, offered to sell, sold, and distributed products that

12

infringe the trademarks of Plaintiffs to consumers from this judicial district for

13

Defendants' own commercial gain and have exploited California's extensive

14

marketplace, wherein Plaintiffs maintain substantial business contacts and financial

15

interests.

16

13.     Additionally, supplemental jurisdiction exists over Defendants

17

because, on information and belief, Defendants conduct business in California and

18

in this judicial district, have purposefully directed action to California and this

19

district, or have otherwise availed themselves of the privileges and protections of

20

the laws of the State of California, such that this Court's assertion of jurisdiction

21

over Defendants does not offend traditional notions of fair play and due process.

22

14.     Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §

23

1391(b) because, on information and belief, a substantial part of the events or

24

omissions giving rise to these claims occurred in this judicial district, and has

25

caused damage to Plaintiffs in this district.

26

27

28

**GENERAL ALLEGATIONS**

**Plaintiffs and their Well-Known BMW® Brand and Products**

15.     Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-slip mats, mileage readers, DVD compact disc players, watches, clothing, MP3 players, PC port hubs, lighters, ash trays, USB flash memory drives, key-chains, pocket wallets, phone cases, car stickers and badges, car key cases, car key bags, driving license cases, brake pedal covers, storage basins, and a variety of other products under various trademarks, including but not limited to the BMW® marks. Plaintiffs' BMW®-branded products and marks have achieved great success since their introduction at least as of 1955 and 1987, respectively.

16.     Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their BMW® marks and products. Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

17.     Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line. A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

18.     As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW® marks have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a

result of such association.  Indeed, the BMW® marks are famous in the United States and around the world.

### Plaintiffs' Registered Trademarks

19.    While Plaintiffs have gained significant common law trademark and other rights in their BMW® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations.  This includes registrations for the following non-exhaustive list of Plaintiffs' trademarks registered with the United States Patent and Trademark Office ("USPTO"):

      i.    USPTO Reg. No.: 0,611,710, registered September 6, 1955;

**BMW**

      ii.    USPTO Reg. No.: 5,333,863, registered November 14, 2017;

BMW

      iii.    USPTO Reg. No.: 0,613,465, registered October 4, 1955;



      iv.    USPTO Reg. No.: 1,450,212, registered August 4, 1987;



v.      USPTO Reg. No.: 4,293,991, registered February 26, 2013;



vi.     USPTO Reg. No.: 5,333,899, registered November 14, 2017;



vii.    USPTO Reg. No.: 5,333,900, registered November 14, 2017;



viii.   USPTO Reg. No.: 1,438,545, registered August 5, 1987;



ix.     USPTO Reg. No.: 3,526,899, registered November 4, 2008;



x. USPTO Reg. No.: 3,767,662, registered March 30, 2010;



xi. USPTO Reg. No.: 3,767,663, registered March 30, 2010;



xii. USPTO Reg. No.: 2,535,373, registered February 5, 2007; and



xiii. USPTO Reg. No.: 2,757,755, registered September 2, 2003; (collectively "BMW® Trademarks").



20. Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW® products.

**Defendants' Wrongful and Infringing Conduct**

21. Particularly in light of the success of Plaintiffs' products, as well as the outstanding reputation they have gained, Plaintiffs and its products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on

the goodwill, reputation and fame Plaintiffs has spent considerable effort and resources to build up in their products and marks.

22.   A large number of these individuals and entities deal in pirated and counterfeit products featuring Plaintiffs' BMW® Trademarks.  Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, offering for sale, selling, and distributing counterfeit and otherwise unauthorized products.

23.   Defendants maintain and operate numerous business locations and warehouses in California and Kentucky.

24.   Defendants use, among other things, their locations and services in California and Kentucky to import, warehouse, sell, and distribute counterfeit goods bearing the BMW® Trademarks to unknowing consumers.

25.   Beginning on a date that is currently unknown to Plaintiffs and continuing to the present, Defendants have, without the consent of Plaintiffs, publically displayed, advertised for sale, sold, and distributed goods that were neither made by Plaintiffs nor by a manufacturer authorized by Plaintiffs (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the BMW® Trademarks.

26.   On information and belief, Plaintiffs further allege that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling and distributing the Counterfeit Goods in the United States.

27.   On January 15, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "2pcs X LED Car Door Laser Welcome Light Logo For BMW 3 5 6 Series E90 E36 M3 X5," (Item #33137422194) from eBay seller ID "e-life008" for a cost of $14.00 sent from the PayPal electronic payment account of Plaintiffs'

investigator to a seller name using Chinese characters with the email address kdata1688@hotmail.com.   A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit A**.

28.   On or around January 22, 2016, Plaintiffs' investigator received a package pursuant to the January 15, 2016, order from "e-life008" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the return address of "WINIT, 18501 Arenth, City of Industry, Rowland Heights, CA 91748."   The package contained two lights featuring Plaintiffs' BMW® Trademarks.  The lights were inspected to determine authenticity and were determined to be counterfeits.

29.   On February 24, 2016, Plaintiffs sent a cease and desist notice to Defendants at the address identified on Defendants' package connected to the purchase from eBay seller ID "e-life008."  Plaintiffs confirmed Defendants' receipt of the letter as evidenced by a signed return receipt dated February 29, 2016.

30.   On March 29, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "US 2x BMW M POWER Car Door LED Logo Light Ghost Shadow Projector Laser Courtesy," (Item #191799463819) from eBay seller ID "bosmaa-com" for a cost of $23.98 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller name using Chinese characters with the email address "uwlled@gmail.com."  A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit B.**

31.    On or around April 1, 2016, Plaintiffs' investigator received a package pursuant to the March 29, 2016, order from "bosmaa-com" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the return address of "WINIT, 18501 Arenth, City of Industry, Rowland Heights, CA 91748."   The package contained two lights featuring Plaintiffs' BMW® Trademarks.   The lights were inspected to determine authenticity and was determined to be counterfeits.

32.     Additionally, on March 29, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "2X LED Car Door Laser Courtesy Projector Welcome Logo Light<For BMW Mini Cooper>," (Item #261540853143) from eBay seller ID "e-linetime" for a cost of $16.02 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller name using Chinese characters with the email address "kdata1688@hotmail.com."   A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit C.**

33.     On or around April 1, 2016, Plaintiffs' investigator received a package pursuant to the March 29, 2016, order from "e-linetime" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the return address of "WINIT, 18501 Arenth, City of Industry, Rowland Heights, CA 91748."   The package contained two lights featuring Plaintiffs' BMW® Trademarks.  The lights were inspected to determine authenticity and were determined to be counterfeits.

34.     Further, on March 29, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "US 2x LED Laser Step Ghost Shadow Projector Door Courtesy LOGO Light for BMW," (Item #321929404439) from eBay seller ID "stefan.zheng" for a cost of $21.59 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller name using Chinese characters with the email address "uwlled@gmail.com."   A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit D.**

35.     On or around April 1, 2016, Plaintiffs' investigator received a package pursuant to the March 29, 2016, order from "stefan.zheng" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the partially legible return address of "WINIT, Arenth, City of Industry, Rowland Heights, CA 91748." The package contained two lights featuring Plaintiffs' BMW® Trademarks.  The

lights were inspected to determine authenticity and were determined to be counterfeits.

36.   On May 5, 2016, Plaintiffs sent a second cease and desist notice to Defendants at the address identified on Defendants' package connected to the purchase from eBay seller ID "bosmaa-com." Plaintiffs confirmed Defendants' receipt of the letter as evidenced by a signed return receipt dated May 9, 2016.

37.   On May 6, 2016, Plaintiffs sent a third cease and desist notice to Defendants at the address identified on Defendants' package connected to the purchase from eBay seller ID "e-linetime." Plaintiffs confirmed Defendants' receipt of the letter as evidenced by a signed return receipt dated May 9, 2016.

38.   Also on May 6, 2016, Plaintiffs sent a fourth cease and desist notice to Defendants at the address identified on Defendants' package connected to the purchase from eBay seller ID "stefan.zheng."

39.   On May 18, 2016, counsel for Defendants contacted Plaintiffs' counsel regarding the cease and desist letters Defendants had received. Thereafter, counsel engaged in discussions to resolve Plaintiffs' claims.

40.   Plaintiffs are informed and believe that Defendants then reviewed their inventories, claiming that they could not locate any of Plaintiffs' products. Defendants also attested that they had ceased distributing the counterfeit BMW®-branded products on behalf of the sellers identified in Plaintiffs' cease and desist notices.

41.   Additionally, in connection with the four (4) aforementioned purchases made by Plaintiffs' investigators, Defendants provided information specifically identifying sellers "bosmaa-com" and "stefan.zheng" both as "YANXIAOFENG" with an address in Shanghai, China, and sellers "e-life008" and "e-linetime" as "TAIGUFENG" with an address in Guangzhou, China. Defendants also identified two (2) products in their system for YANXIAOFENG

and four (4) products in their system for TAIGUFENG.  The products for TAIGUFENG were identified in Defendants' system using BMW® Trademarks.

42.   Upon reviewing these documents, Plaintiffs' counsel noted to Defendants' counsel that Defendants had distributed counterfeit BMW® products, identified in their own system as BMW® products, on behalf of the same sellers, after having received Plaintiffs' cease and desist notice, which constituted trademark infringement. Specifically, after the February 24, 2016, cease and desist letter sent to Defendants regarding TAIGUFENG, Defendants distributed the same counterfeit BMW® products for TAIGUFENG, which were received by Plaintiffs on or around April 1, 2016. Defendants then became unresponsive, despite Plaintiffs' follow-up communications.

43.   Moreover, Defendants still continued to distribute counterfeit BMW® products, despite notice.

44.   On September 30, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "Manual Gas Brake Pedal BMW F20 F22 F30 F34 F31 F34 F32 F33 F12 F06 Accessories," (Item #322220968335) from eBay seller ID "jack_hz" for a cost of $32.39 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller named Chen Hongmei with the email address "super734@qq.com."  A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit E.**

45.   On or around October 6, 2016, Plaintiffs' investigator received a package pursuant to the September 30, 2016, order from "jack_hz" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the return address of "WINIT, 41 Logistics Blvd, Suite A2, Walton, KY 41094."  The package contained three automobile pedals featuring Plaintiffs' BMW® Trademarks.  The pedals were inspected to determine authenticity and were determined to be counterfeits.

46.     On December 21, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "2x Car Door LED Logo Light Ghost Shadow Projector Laser Courtesy for BMW," (Item #232025535584) from eBay seller ID "auto-brother" for a cost of $7.99 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller name using Chinese characters with the email address "kingwayautoparts@yahoo.com."     A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit F.**

47.     On or around December 29, 2016, Plaintiffs' investigator received a package pursuant to the December 21, 2016, order from "auto-brother" with a shipping label identifying the return address of "WINIT, 18501 Arenth, City of Industry, CA 91748."   The package contained two lights featuring Plaintiffs' BMW® Trademarks.  The lights were inspected to determine authenticity and were determined to be counterfeit.

48.     Additionally, on December 21, 2016, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "For BMW 2x Car Door LED Courtesy Welcome laser Projector Logo Ghost Shadow Light," (Item #161987430336) from eBay seller ID "kmotorwholesale2001" for a cost of $7.99 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller name using Chinese characters with the email address "kingwayauto@gmail.com."   A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit G.**

49.     On or around December 27, 2016, Plaintiffs' investigator received a package pursuant to the December 21, 2016, order from "kmotorwholesale2001" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the return address of "WINIT, 18501 Arenth Ave, Rowland Heights, CA 91748-1301." The package contained two lights featuring Plaintiffs' BMW® Trademarks.  The

1   lights were inspected to determine authenticity and were determined to be
2   counterfeits.

3       50.    Further, on December 21, 2016, in its ongoing investigation of
4   counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the
5   purchase of a purported "2 M Laser Logo LED Car Door Step Ghost Shadow
6   Welcome Projector Light for BMW," (Item #141912957136) from eBay seller ID
7   "highqualitystore08" for a cost of $7.99 sent from the PayPal electronic payment
8   account of Plaintiffs' investigator to a seller name using Chinese characters with
9   the email address "love4kikilin@gmail.com." A true and correct copy of the PayPal
10  Transaction Details receipt for this transaction is attached hereto as **Exhibit H.**

11      51.    On or around December 27, 2016, Plaintiffs' investigator received a
12  package pursuant to the December 21, 2016, order from "highqualitystore08" with
13  a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the
14  return address of "WINIT, 18501 Arenth Ave, Rowland Heights, CA 91748-1301."
15  The package contained two lights featuring Plaintiffs' BMW® Trademarks. The
16  lights were inspected to determine authenticity and were determined to be
17  counterfeits.

18      52.    On January 13, 2017, Plaintiffs sent a fifth cease and desist letter to
19  Defendants relating to the purchases made since the last cease and desist
20  communications on or about May 6, 2016.

21      53.    On March 29, 2017, in its ongoing investigation of counterfeit sales of
22  products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a
23  purported "2 X Car Door Courtesy Ghost Shadow Lights for BMW E90 E60 GT
24  E85 E91," (Item #152417319599) from eBay seller ID "ggbaton" for a cost of
25  $20.18 sent from the PayPal electronic payment account of Plaintiffs' investigator
26  to a seller named Ni Ying Chun with the email address "c_la@163.com." A true
27  and correct copy of the PayPal Transaction Details receipt for this transaction is
28  attached hereto as **Exhibit I.**

54.     On or around April 4, 2017, Plaintiffs' investigator received a package pursuant to the March 29, 2017, order from "ggbaton" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and the return address of "WINIT, 18501 Arenth Ave, Rowland Heights, CA 91748-1301." The package contained two lights featuring Plaintiffs' BMW® Trademarks. The lights were inspected to determine authenticity and were determined to be counterfeits.

55.     On September 26, 2017, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "For BMW 1 3 5 7 Series X3 X5 X6 Ghost LED Door Step Courtesy Shadow Laser Lights," (Item #182727312139) from eBay seller ID "kkonetoys" for a cost of $14.99 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller named Nie Ying Chun with the email address "mog680840@163.com." A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit J.**

56.     On or around October 2, 2017, Plaintiffs' investigator received a package pursuant to the September 26, 2017, order from "kkonetoys" with a shipping label marked "U.S. POSTAGE PAID Winit America," and the return address of "USKYN Warehouse, 41 Logistics Blvd, Suite A-2, Walton, KY 41094." The package contained two lights featuring Plaintiffs' BMW® Trademarks. The lights were inspected to determine authenticity and were determined to be counterfeits.

57.     On October 6, 2017, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "2 X Logo LED Door Courtesy Welcome Light Ghost Shadow Laser Projector for BMW," (Item #322504839822) from eBay seller ID "startyou88" for a cost of $15.99 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller named Xia Qing Yang with the email address

"xiqy988@hotmail.com."   A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit K.**

58.   On or around October 23, 2017, Plaintiffs' investigator received a package pursuant to the October 6, 2017, order from "startyou88" with a shipping label marked "U.S. POSTAGE PAID Winit America," and the return address of "USWC Warehouse, 18501 Arenth Ave, City of Industry, CA 91748-1301." The package contained two lights featuring Plaintiffs' BMW® Trademarks. The lights were inspected to determine authenticity and were determined to be counterfeits.

59.   Additionally, on October 6, 2017, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "01-06 BMW E46 CSL/SMG 2D 4D M3 BLACK Side Fender Grille GRILL Vents," (Item #162365218311) from eBay seller ID "mitbike10" for a cost of $46.00 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller named Jen Chang Liang with the email address "gocycling10@gmail.com."   A true and correct copy of the PayPal Transaction Details receipt for this transaction is attached hereto as **Exhibit L.**

60.   On or around October 13, 2017, Plaintiffs' investigator received a package pursuant to the October 6, 2017, order from "mitbike10" with a shipping label marked "U.S. POSTAGE PAID Winit America," and the return address of "USKYN Warehouse, 41 Logistics Blvd, Suite A-2, Walton, KY 41094." The package contained two grilles featuring Plaintiffs' BMW® Trademarks. The grilles were inspected to determine authenticity and were determined to be counterfeits.

61.   On February 21, 2018, after Plaintiffs had filed and served on Defendants their original complaint, Plaintiffs authorized the purchase of another purported "For BMW 1 3 5 7 Series X3 X5 X6 Ghost LED Door Step Courtesy Shadow Laser Lights," (Item #182727312139) from eBay seller ID "kkonetoys" – the same listing and seller from which Plaintiffs' investigator purchased previously on September 26, 2017 – for a cost of $14.99 sent from the PayPal electronic

payment account of Plaintiffs' investigator to a seller named with Asian characters with the email address "mog680840@163.com" – the same email address that received funds from the September 26, 2017, purchase. A true and correct copy of the PayPal Transaction Details for this transaction is attached hereto as **Exhibit M**.

62.     On or around February 26, 2017, Plaintiffs' investigator received a package pursuant to the February 21, 2018, order from "kkonetoys" with a shipping label return address of "USKYN WAREHOUSE, 41 LOGISTICS BLVD, SUITE A-2, WALTON KY 41094." The package contained two lights featuring Plaintiffs' BMW® Trademarks – identical to the lights received pursuant to the September 26, 2017, purchase. The lights were inspected to determine authenticity and were determined to be counterfeits.

63.     Finally, on March 27, 2018, in its ongoing investigation of counterfeit sales of products bearing BMW® Trademarks, Plaintiffs authorized the purchase of a purported "M Logo For BMW LED Step Door Courtesy Welcome Light Ghost Shadow Laser Projector," (Item #263344276923) from eBay seller ID "4959311" for a cost of $23.99 sent from the PayPal electronic payment account of Plaintiffs' investigator to a seller named with Asian characters with the email address "ty1640775967@163.com." A true and correct copy of the PayPal Transaction Details for this transaction is attached hereto as **Exhibit N**.

64.     On or around April 2, 2018, Plaintiffs' investigator received a package pursuant to the March 27, 208, order from "4959311" with a shipping label marked "U.S. POSTAGE PAID WINIT AMERICA," and a return address of "USKYN WAREHOUSE, 41 LOGISTICS BLVD, SUITE A-2, WALTON KY 41094." The package contained two lights featuring Plaintiffs' BMW® Trademarks. The lights were inspected to determine authenticity and were determined to be counterfeits.

65.     Through such business activities, Defendants have purposefully derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California and throughout the United States.

But for Defendants' importation, selling, and distribution of counterfeit BMW®-branded products in California, Plaintiffs would not have been able to make such purchases.

66.     Defendants willfully use images and names identical to Plaintiffs' BMW® Trademarks to confuse consumers and aid in the promotion, sale, and distribution of unauthorized and counterfeit products. Defendants' willful use of Plaintiffs' BMW® Trademarks include importing, advertising, displaying, distributing, selling, and/or offering to sell unauthorized and/or counterfeit copies of Plaintiffs' BMW®-branded products.

67.     Plaintiffs are informed and believe that Defendants knew or had reason to know that their customers were using Defendants' distribution locations and services to deal in counterfeit and/or otherwise infringing products using Plaintiffs' BMW® Trademarks in the United States.

68.     Plaintiffs are informed and believe that Defendants had direct control and monitoring of the domestic instrumentality used by their customers to facilitate the sale and distribution of counterfeit and/or otherwise infringing products using Plaintiffs' BMW® Trademarks in the United States.

69.     Plaintiffs are informed and believe that Defendants' entire business model of providing domestic warehousing, distribution, and shipping services for overseas sellers is premised on shielding their customers' infringing activities and that Defendants intentionally induced their customers to infringe Plaintiffs' BMW® Trademarks by offering to facilitate and facilitating the sale and distribution of counterfeit and/or otherwise infringing products using Plaintiffs' BMW® Trademarks in the United States.

70.     Defendants' conduct and use began long after Plaintiffs' adoption and use of the BMW® Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW® Trademarks became famous. Neither Plaintiffs

nor any of their authorized agents have consented to Defendants' use of Plaintiffs' BMW® Trademarks.

71.    Further, despite five (5) cease and desist notices and this lawsuit, Defendants continue to violate Plaintiffs' exclusive rights to the BMW® Trademarks by importing, warehousing, and distributing counterfeit reproductions of Plaintiffs' BMW® Trademarks as late as April 2018.  Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit, and dilute Plaintiffs' marks and products.

72.    Defendants' intentional actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.  By their wrongful conduct, Defendants have directly and derivatively traded upon and diminished Plaintiffs' goodwill.

73.    In committing these acts, all of which have and will continue to cause irreparable harm to Plaintiffs, Defendants have, among other things, willfully and in bad faith: (i) directly and/or secondarily infringed, tarnished, diluted Plaintiffs' rights in the BMW® Trademarks; (ii) directly and/or secondarily applied counterfeit marks; (iii) directly and/or secondarily misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) directly and/or secondarily misled the public into believing that Plaintiffs endorse Defendants' products; (v) directly and/or secondarily used false designations of origin on or in connection with its goods and services; (vi) directly and/or secondarily committed unfair competition; (vii) directly and/or secondarily engaged in counterfeiting; and (viii) directly and/or secondarily unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

### (Infringement of Registered Trademarks against Defendant WIN.IT AMERICA, INC., and DOES 1 through 10, Inclusive)

### [15 U.S.C. § 1114/*Lanham Act* § 32(a)]

74.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

75.     Plaintiffs have continuously used the BMW® Trademarks in interstate commerce.

76.     Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. § 1114.

77.     Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

78.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute products bearing Plaintiffs' asserted marks into the stream of commerce.

79.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with Third-party Account Holders' sale, offering for sale, distribution, or advertising of goods bearing BMW® Trademarks by promoting and distributing counterfeit BMW® products bearing the BMW® Trademarks.

80.     Defendants imported and/or distributed reproduced, counterfeited, copied, and colorably imitated goods bearing Plaintiffs' registered BMW® Trademarks intended to be used in commerce upon or in connection with the sale,

offering for sale, distribution, and/or advertising of counterfeit goods bearing Plaintiffs' BMW® Trademarks.

81.    Defendants' egregious and intentional importation and/or distribution of sales of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

82.    Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

83.    Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiffs request injunctive relief.

84.    Defendants' continued and knowing importation and/or distribution of goods bearing Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendant WIN.IT AMERICA, INC., and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

85.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

86.     Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* section 43(a) (15 U.S.C. § 1125).  Plaintiffs' asserted marks are fanciful, inherently distinctive and/or have otherwise acquired distinctiveness.

87.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

88.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

89.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

90.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

91.     Defendants' egregious and intentional use and distribution of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead,

betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

92.     Defendants' continuing and knowing use of the BMW® Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

93.     Defendants' wrongful conduct has permitted or will permit it to make substantial profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial.  Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

94.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Ac*t, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

### (Trademark Dilution against Defendant WIN.IT AMERICA, INC., and DOES 1 through 10, Inclusive)

### [15 U.S.C. § 1125(c)]

95.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

96.     Plaintiffs' BMW® Trademarks are distinctive and famous within the meaning of the *Lanham Act*.

97.     Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.   Defendants' conduct is willful, wanton and egregious.

98.     Defendants' intentional importation and/or distribution of fake, pirated, and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.   The actions of Defendants complained of herein have diluted and will continue to dilute the BMW® Trademarks and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

99.     Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.   Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

100.    As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

**<u>FOURTH CAUSE OF ACTION</u>**

**(Unlawful, Unfair, Fraudulent Business Practices against Defendant WIN.IT AMERICA, INC., and DOES 1 through 10, Inclusive)**

**[*California Business & Professions Code* § 17200 *et seq.*]**

101.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

102.   By marketing, advertising, promoting, selling, importing, distributing, and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq*.

103.   Defendants' promotion, importation, distribution, and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

104.   Defendants knew or by the exercise of reasonable care should have known that Third-party Account Holders' marketing, advertising, promoting, selling and/or otherwise dealing in and Defendants' continuing promoting, distribution and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

105.   By marketing, advertising, promoting, importing, selling, distributing, and/or otherwise dealing in and their continuing marketing, advertising, promoting, importing, selling, distributing, and/or otherwise dealing in counterfeit versions of Plaintiffs' marks and products, Defendants intended to, did, and will continue to induce customers to purchase their false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs in their marks.

106.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

107.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

108.   Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

109.   Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Contributory Trademark Infringement against Defendants WIN.IT AMERICA, INC., and DOES 1-10, Inclusive)

110.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

111.   Plaintiffs are the exclusive owner of the BMW® Trademarks and possess the trademark registrations for the same with the U.S.P.T.O.

112.   At the time of their actions, Defendants were aware (or were on constructive notice) that Plaintiffs are the registered owner of the BMW® Trademarks.

113.   Various sellers (on eBay or otherwise) have infringed upon Plaintiffs' BMW® Trademarks by offering for sale, selling, and distributing counterfeit products bearing the BMW® Trademarks using the services of Defendants.

114.   By advertising, offering for sale, receiving payment, importing, warehousing, and/or distributing counterfeit BMW®-branded products for the aforementioned sellers, Defendants have substantially and materially contributed to the infringement of Plaintiffs' BMW® Trademarks and profited from the same.

115.   Defendants have also induced the infringement of the BMW® Trademarks by intentionally advertising, offering for sale, receiving payment, importing, and/or distributing counterfeit versions of BMW®-branded products on behalf of the aforementioned sellers.

116.   Upon information and belief, Defendants have no policies or procedures in place to detect, monitor, prevent, or, upon notice, cease the distribution of counterfeit BMW®-branded products.

117.   Defendants did not and failed to obtain the consent or authorization of Plaintiffs to use Plaintiffs' BMW® Trademarks to deal in and commercially distribute, advertise, and sell products to consumers.

118.   Defendants knew or should have known that the products they were dealing in, receiving payment for, manufacturing, distributing, selling, and/or advertising on behalf of their customers were counterfeit and infringing upon the BMW® Trademarks.

119.   Despite receiving multiple notices of Plaintiffs' ownership of the BMW® Trademarks and the counterfeit nature of the BMW®-branded products being offered for sale, sold, imported, and/or distributed by Defendants, Defendants continued (and still continue) to offer for sale, sell, and/or distribute counterfeit BMW®-branded products for their customers, including the same customers identified in Plaintiffs' cease and desist correspondences and this Complaint.

120.   As a proximate result of Defendants' actions, Plaintiffs have suffered monetary damage as well as irreparable harm and unquantifiable damage to Plaintiffs' BMW® Trademarks, reputation, and goodwill.

## SIXTH CAUSE OF ACTION

**(Vicarious Trademark Infringement against Defendants WIN.IT AMERICA, INC., and DOES 1-10, Inclusive)**

121.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

122.   Plaintiffs are the exclusive owner of the BMW® Trademarks and possess trademark registrations for the same with the U.S.P.T.O.

123.   Defendants have derived business financial gains and profited directly from their customers' use of Defendants' advertising, payment receiving, warehousing, and/or distribution services to distribute counterfeit BMW®-branded products.

124.   Plaintiffs are informed and believe that Defendants have entered into contracts and/or partnerships (either written, oral, or implied-in-fact) with their customers relating to the advertisement, offering for sale, importation, sale, storage, warehousing, and/or distribution of counterfeit products bearing the BMW® Trademarks.

125.   Plaintiffs are informed and believe that Defendants had the right and ability to supervise and/or control the infringing activity of their customers as evidenced by Defendants' physical possession of the counterfeit products, Defendants' admitted ability to review the inventory received from their customers before distributing any products, and Defendants' claims that they ceased distributing the counterfeit BMW® products for the sellers identified in Plaintiffs' cease and desist notices.

126.   Defendants failed to exercise their right and ability to supervise and/or control the infringing activity of their customers upon initial notice and continued to supply the same counterfeit products for the same customers.

127.   As a proximate result of Defendants' actions, Plaintiffs have suffered monetary damage as well as irreparable harm and unquantifiable damage to their BMW® Trademarks, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendant WIN.IT AMERICA, INC., and Does 1 through 10, inclusive, and each of them, as follows:

A.   For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

B.   For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C.   For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

D.   For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

E.   In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

F.   For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

G.   For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for contributory trademark infringement;

H.   For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for vicarious trademark infringement;

I.   For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

J.   For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K.   For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

L.    For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

1     M.     For treble damages suffered by Plaintiffs as a result of the willful and

2           intentional infringements and acts of counterfeiting engaged in by

3           Defendants, under 15 U.S.C. § 1117(b);

4     N.     For damages in an amount to be proven at trial for unjust enrichment;

5     O.     For an award of exemplary or punitive damages in an amount to be

6           determined by the Court;

7     P.     For Plaintiffs' reasonable attorney's fees;

8     Q.     For all costs of suit; and

9     R.     For such other and further relief as the Court may deem just and

10           equitable.

11 **<u>DEMAND FOR JURY TRIAL</u>**

12     Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE

13 MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant

14 to Local Rule 38-1.

15 DATED: April 12, 2018          JOHNSON & PHAM, LLP

16

17

18          By: /s/ Christopher Q. Pham

19          Christopher Q. Pham, Esq.
         Attorneys for Plaintiffs

20          BMW OF NORTH AMERICA, LLC and
         BAYERISCHE MOTOREN WERKE AG.

21

22

23

24

25

26

27

28