Jeremy T. Elman (SBN 223696)
elman.jeremy@dorsey.com
**DORSEY & WHITNEY LLP**
305 Lytton Avenue
Palo Alto, CA 94301
Telephone:  (650) 843-2732
Facsimile:  (650) 618-1955

Attorneys for Defendant
WIN.IT AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>               Plaintiff,<br><br>        vs.<br><br>WIN.IT AMERICA, INC., a California Corporation; and DOES 1-10, Inclusive,<br><br>               Defendants. | CASE NO:  2:17-CV-08826-PSG-MRW<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: 6A<br><br>DEMAND FOR JURY TRIAL |

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

4834-4992-0099\1

Defendant Win.It America, Inc. ("Win.It"), by and through its undersigned attorneys, submits this Answer ("Answer") to Plaintiff BMW of North America, LLC, and Bayerische Motoren Werke AG ("BMW") First Amended Complaint for Damages and Declaratory Relief ("FAC"). To the extent any allegation contained in the FAC is not specifically admitted herein, it is hereby denied. Win.It further denies any allegations that may be implied or inferred from the headings of the FAC.

THE PARTIES

**1.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the FAC and therefore denies the same.

**2.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC and therefore denies the same.

**3.** Win.It admits that it is a corporation organized under the laws of the State of California with a principal place of business at 18501 Arenth Ave, City of Industry, CA 91748. Win.It operates two fulfillments centers in the United States in California and Kentucky. Win.It denies all remaining allegations of Paragraph 3 of the FAC.

**4.** Denied.

**5.** Denied.

**6.** Denied.

**7.** Denied.

**8.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC and therefore denies the same.

**9.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC and therefore denies the same.

**10.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC and therefore denies the same.

JURISDICTION AND VENUE

**11.** Win.It admits this action purports to arise under the laws of the United States,

1

including 15 U.S.C. § 1121 and/or § 1131 and/or § 1338(a), but denies that Win.It has committed any act of infringement.  For the purposes of this action, Win.It does not contest that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 131 and 1338(a).

**12.**     For purposes of this case only, Win.It does not contest that it is subject to personal jurisdiction in this District and maintains a place of business in this District. Win.It denies all remaining allegations of Paragraph 12 of the FAC, and expressly denies that it has committed any acts of infringement in this District as alleged in the FAC.

**13.**     For purposes of this case only, Win.It does not contest that it is subject to personal jurisdiction in this District and maintains a place of business in this District. Win.It denies all remaining allegations of Paragraph 13 of the FAC, and expressly denies that it has committed any acts of infringement in this District as alleged in the FAC.

**14.**     For purposes of this case only, Win.It does not contest that venue is technically proper in this District.  Win.It denies all remaining allegations of Paragraph 14 of the FAC, and expressly denies that it has committed any acts of infringement in this District as alleged in the FAC.

<u>GENERAL ALLEGATIONS</u>

**15.**     Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC and therefore denies the same.

**16.**     Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC and therefore denies the same.

**17.**     Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC and therefore denies the same.

**18.**     Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the FAC and therefore denies the same.

<u>PLAINTIFFS' REGISTERED TRADEMARKS</u>

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

4834-4992-0099\1

**19.**    Win.It admits that the listed marks appear to be trademarks registered with the United States Patent and Trademark Office ("USPTO").  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19 of the FAC and therefore denies the same.

**20.**    Denied.

<u>DEFENDANTS' WRONGFUL AND INFRINGING CONDUCT</u>

**21.**    Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC and therefore denies the same.

**22.**    Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC and therefore denies the same.

**23.**    Win.It admits that it operates two fulfillments centers in the United States in California and Kentucky.  Win.It denies the remainder of the allegations in Paragraph 23 of the FAC.

**24.**    Denied.

**25.**    Denied.

**26.**    Denied.

**27.**    Win.It admits that the documents attached as Exhibit A to the FAC appear to relate to the transaction described in Paragraph 27 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 27 of the FAC and therefore denies the same.

**28.**    Win.It admits that it fulfilled an order to the individual identified in Exhibit A in the FAC from a third party identified to Win.It as "广州市太古丰电子科技有限公司", who indicated to Win.It that the product that they were selling was a "BMW special welcome light color CREE 5w 3D LED (2PCS)."  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 28 of the FAC and therefore denies the same.

3

29.   Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the FAC and therefore denies the same.

30.   Win.It admits that the documents attached as Exhibit B to the FAC appear to relate to the transaction described in Paragraph 30 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30 of the FAC and therefore denies the same.

31.   Win.It admits that it fulfilled an order to the individual identified in Exhibit B in the FAC from a third party identified to Win.It as "严晓峰", who indicated to Win.It that the product that they were selling was a "Car LED Doorlight."   Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 31 of the FAC and therefore denies the same.

32.   Win.It admits that the documents attached as Exhibit C to the FAC appear to relate to the transaction described in Paragraph 32 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 32 of the FAC and therefore denies the same.

33.   Win.It admits that it fulfilled an order to the individual identified in Exhibit C in the FAC from a third party identified to Win.It as "广州市太古丰电子科技有限公司", who indicated to Win.It that the product that they were selling was a "Mini BMW special welcome light color CREE 5w 3D LED2PCS."   Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 33 of the FAC and therefore denies the same.

34.   Win.It admits that the documents attached as Exhibit D to the FAC appear to relate to the transaction described in Paragraph 34 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form

4

4834-4992-0099\1

a belief as to the truth of the remainder of the allegations in Paragraph 34 of the FAC and therefore denies the same.

35.    Win.It admits that it fulfilled an order to the individual identified in Exhibit D in the FAC from a third party identified to Win.It as "严晓峰", who indicated to Win.It that the product that they were selling was a "Car LED Doorlight."   Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 35 of the FAC and therefore denies the same.

36.    Win.It admits that it became aware of a "cease and desist" letter from Plaintiffs' counsel on or about May 5, 2016.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 36 of the FAC and therefore denies the same.

37.    Win.It admits that it became aware of a "cease and desist" letter from Plaintiffs' counsel on or about May 5, 2016.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 37 of the FAC and therefore denies the same.

38.    Win.It admits that it became aware of a "cease and desist" letter from Plaintiffs' counsel on or about May 5, 2016.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 37 of the FAC and therefore denies the same.

39.    Win.It admits that its counsel contacted Plaintiffs' counsel regarding the allegations in the "cease and desist" letter from Plaintiffs' counsel on or about May 18, 2016.

40.    Win.It admits that its counsel informed Plaintiffs' counsel that Win.It had reviewed certain records related to Win.It's fulfillment services and had not located any of the products identified in Plaintiffs' counsel's letter, nor was Win.It aware of any use of its order fulfillment services by third parties in connection with the sale of counterfeit BMW products.  Win.It further informed Plaintiffs' counsel that it ceased providing its

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
4834-4992-0099\1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

fulfillment services to the sellers identified by Plaintiffs' counsel upon being provided with the names of the sellers of the purportedly counterfeit products.   Win.It denies the remainder of the allegations in Paragraph 37 of the FAC.

**41.**   Win.It admits that it provided information specifically identifying sellers "bosmaa-com" and "stefan.zheng" both as "YANXIAOFENG" with an address in Shanghai, China, and sellers "e-life008" and "e-linetime" as "TAIGUFENG" with an address in Guangzhou, China.   Win.It admits that it identified two (2) products for "YANXIAOFENG" and four (4) products for "TAIGUFENG" to Plaintiffs' counsel. Win.It denies the remainder of the allegations in Paragraph 41 of the FAC.

**42.**   Denied.

**43.**   Denied.

**44.**   Win.It admits that the documents attached as Exhibit E to the FAC appear to relate to the transaction described in Paragraph 44 of the FAC, and responds that the documents for speak themselves. Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 44 of the FAC and therefore denies the same.

**45.**   Win.It admits that it fulfilled an order to the individual identified in Exhibit E in the FAC from a third party identified to Win.It as "林树涛", who indicated to Win.It that the product that they were selling was "exterior decoration parts of automobile." Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 45 of the FAC and therefore denies the same.

**46.**   Win.It admits that the documents attached as Exhibit F to the FAC appear to relate to the transaction described in Paragraph 46 of the FAC, and responds that the documents for speak themselves. Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 46 of the FAC and therefore denies the same.

**47.**   Win.It admits that it fulfilled an order to the individual identified in Exhibit

6

4834-4992-0099\1

F in the FAC from a third party identified to Win.It as "瑞安市金威国际贸易有限公司", who indicated to Win.It that the product that they were selling was "LED Door Step Welcome Light for BMW."  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 47 of the FAC and therefore denies the same.

48.     Win.It admits that the documents attached as Exhibit G to the FAC appear to relate to the transaction described in Paragraph 48 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 48 of the FAC and therefore denies the same.

49.     Win.It admits that it fulfilled an order to the individual identified in Exhibit G in the FAC from a third party identified to Win.It as "瑞安市金威国际贸易有限公", who indicated to Win.It that the product that they were selling was "LED Door Step Welcome Light for BMW."  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 49 of the FAC and therefore denies the same.

50.     Win.It admits that the documents attached as Exhibit H to the FAC appear to relate to the transaction described in Paragraph 50 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 50 of the FAC and therefore denies the same.

51.     Win.It admits that it fulfilled an order to the individual identified in Exhibit H in the FAC from a third party identified to Win.It as "瑞安市金威国际贸易有限公", who indicated to Win.It that the product that they were selling was "LED Door Step Welcome Light for BMW M3."  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 51 of the FAC and therefore denies the same.

4834-4992-0099\1

52.    Win.It admits that it became aware of a "cease and desist" letter from Plaintiffs' counsel on or about January 13, 2017.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 52 of the FAC and therefore denies the same.

53.    Win.It admits that the documents attached as Exhibit I to the FAC appear to relate to the transaction described in Paragraph 53 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 53 of the FAC and therefore denies the same.

54.    Win.It admits that it fulfilled an order to the individual identified in Exhibit I in the FAC from a third party identified to Win.It as "朱迎喜", who indicated to Win.It that the product that they were selling was "Welcome Light."  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 54 of the FAC and therefore denies the same.

55.    Win.It admits that the documents attached as Exhibit J to the FAC appear to relate to the transaction described in Paragraph 55 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 55 of the FAC and therefore denies the same.

56.    Win.It admits that it fulfilled an order to the individual identified in Exhibit J in the FAC from a third party identified to Win.It as "朱迎喜", who indicated to Win.It that the product that they were selling was "Welcome Light."  Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 56 of the FAC and therefore denies the same.

57.    Win.It admits that the documents attached as Exhibit K to the FAC appear to relate to the transaction described in Paragraph 57 of the FAC, and responds that the documents for speak themselves.  Win.It lacks knowledge or information sufficient to form

8

4834-4992-0099\1

a belief as to the truth of the remainder of the allegations in Paragraph 57 of the FAC and therefore denies the same.

58. Win.It admits that it fulfilled an order to the individual identified in Exhibit K in the FAC from a third party identified to Win.It as "朱迎喜", who indicated to Win.It that the product that they were selling was "Welcome Light." Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 58 of the FAC and therefore denies the same.

59. Win.It admits that the documents attached as Exhibit L to the FAC appear to relate to the transaction described in Paragraph 59 of the FAC, and responds that the documents for speak themselves. Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 59 of the FAC and therefore denies the same.

60. Win.It admits that it fulfilled an order to the individual identified in Exhibit L in the FAC from a third party identified to Win.It as "梁賢昌", who indicated to Win.It that the product that they were selling was "Fender Grill." Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 60 of the FAC and therefore denies the same.

61. Win.It admits that the documents attached as Exhibit M to the FAC appear to relate to the transaction described in Paragraph 61 of the FAC, and responds that the documents for speak themselves. Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 61 of the FAC and therefore denies the same.

62. Win.It admits that it fulfilled an order to the individual identified in Exhibit M in the FAC from a third party identified to Win.It as "朱迎喜", who indicated to Win.It that the product that they were selling was "Atmosphere Lamp." Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 62 of the FAC and therefore denies the same.

9

4834-4992-0099\1

**63.**    Win.It admits that the documents attached as Exhibit N to the FAC appear to relate to the transaction described in Paragraph 63 of the FAC, and responds that the documents for speak themselves. Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 63 of the FAC and therefore denies the same.

**64.**    Win.It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 64 of the FAC and therefore denies the same.

**65.**    Denied.

**66.**    Denied.

**67.**    Denied.

**68.**    Denied.

**69.**    Denied.

**70.**    Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the FAC and therefore denies the same.

**71.**    Denied.

**72.**    Denied.

**73.**    Denied.

<u>COUNT I</u>

<u>(Infringement of Registered Trademarks against Defendant Win.It and Does 1 through 10, Inclusive)</u>

[15 U.S.C. § 1114/*Lanham Act* § 32(a)]

**74.**    With respect to Paragraph 74 of the FAC, Win.It restates and incorporates herein by reference Paragraphs 1 through 73 above as though fully set forth herein.

**75.**    Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the FAC and therefore denies the same.

**76.**    Win.It lacks knowledge or information sufficient to form a belief as to the

10

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

truth of the allegations in Paragraph 76 of the FAC and therefore denies the same.

**77.**    Denied.

**78.**    Denied.

**79.**    Denied.

**80.**    Denied.

**81.**    Denied.

**82.**    Denied.

**83.**    Denied.

**84.**    Denied.

<u>COUNT II</u>

<u>(False Designation of Origin & Unfair Competition Against Win.It and Does 1 Through 10, Inclusive)</u>

[15 U.S.C. § 1114/*Lanham Act* § 32(a)]

**85.**    With respect to Paragraph 85 of the FAC, Win.It restates and incorporates herein by reference Paragraphs 1 through 84 above as though fully set forth herein.

**86.**    Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the FAC and therefore denies the same.

**87.**    Denied.

**88.**    Denied.

**89.**    Denied.

**90.**    Denied.

**91.**    Denied.

**92.**    Denied.

**93.**    Denied.

**94.**    Denied.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

## COUNT III

### (Trademark Dilution Against Win.It and Does 1 Through 10, Inclusive)

[15 U.S.C. § 1125]

**95.**   With respect to Paragraph 95 of the FAC, Win.It restates and incorporates herein by reference Paragraphs 1 through 94 above as though fully set forth herein.

**96.**   Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the FAC and therefore denies the same.

**97.**   Denied.

**98.**   Denied.

**99.**   Denied.

**100.**   Denied.

## COUNT IV

### (Unlawful, Unfair, Fraudulent Business Practices Against Win.It and Does 1 Through 10, Inclusive)

[California Business & Professions Code § 17200 et seq.]

**101.**   With respect to Paragraph 101 of the FAC, Win.It restates and incorporates herein by reference Paragraphs 1 through 100 above as though fully set forth herein.

**102.**   Denied.

**103.**   Denied.

**104.**   Denied.

**105.**   Denied.

**106.**   Denied.

**107.**   Denied.

**108.**   Denied.

**109.**   Denied.

## COUNT V

### (Contributory Trademark Infringement Against Win.It and Does 1 Through 10, Inclusive)

**110.**   With respect to Paragraph 110 of the FAC, Win.It restates and incorporates

12

herein by reference Paragraphs 1 through 110 above as though fully set forth herein.

**111.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the FAC and therefore denies the same.

**112.** Denied.

**113.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the FAC and therefore denies the same.

**114.** Denied.

**115.** Denied.

**116.** Denied.

**117.** Denied.

**118.** Denied.

**119.** Denied.

**120.** Denied.

**121.** Denied.

<u>COUNT VI</u>

<u>(Vicarious Trademark Infringement Against Win.It and Does 1 Through 10, Inclusive)</u>

**122.** With respect to Paragraph 122 of the FAC, Win.It restates and incorporates herein by reference Paragraphs 1 through 121 above as though fully set forth herein.

**123.** Win.It lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the FAC and therefore denies the same.

**124.** Denied.

**125.** Denied.

**126.** Denied.

**127.** Denied.

4834-4992-0099\1

## PRAYER FOR RELIEF

Win.It denies that Plaintiff is entitled to any relief in connection with the allegations in the FAC, including, without limitation, the relief requested in Paragraphs A-R of the FAC's Prayer for Relief.

## DEMAND FOR JURY TRIAL

The demand for trial by jury does not appear to contain any allegations that require response.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Win.It bears the burden of proof as to any of the following defenses on which it would not otherwise bear the burden of proof, regardless of them being identified as affirmative defenses, based on information and belief, Win.It asserts the following defenses and reserves the right to amend its defenses and to add additional defenses, including, but not limited to, any defenses revealed during discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

**128.** Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSES

### (Statute of Limitations)

**129.** Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

**130.** Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' conduct, actions and inactions, which estop Plaintiffs from pursing the cause of action and relief sought in the Complaint.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

4834-4992-0099\1

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

**131.**   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs lack standing to bring these claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

**132.**   Plaintiffs' claims are barred, in whole or in part, by reason of the conduct, actions and inactions of the Plaintiffs, which amount to and constitute a waiver of any right Plaintiffs may have had in reference to the matters and things alleged in the First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Justification)

**133.**   Plaintiffs' claims are barred, in whole or in part, because Win.It's actions are justified and Win.It has at all times acted in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Infringement)

**134.**   Plaintiffs' claims are barred, in whole or in part, because Win.It is not infringing and has not in the past infringed on any of Plaintiffs' trademarks.

## EIGTH AFFIRMATIVE DEFENSE

### (Absence of Irreparable Harm)

**135.**   Plaintiffs' claims are barred, in whole or in part, because (1) it is not likely to prevail on the merits; (2) Plaintiffs have not suffered and will not suffer irreparable harm because of any conduct by Win.It; and (3) Plaintiffs has an adequate remedy at law for its alleged injury.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

**136.**   Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of

15

laches.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

**137.**   Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' failure to mitigate damages, if such damages exist.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

**138.**   Plaintiffs' claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

## TWELFTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

**139.**   Plaintiffs' claims are barred, in whole or in part, because any trademark infringement, if any, was innocent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Authorization)

**140.**   Plaintiffs' claims are barred, in whole or in part, because any alleged misconduct by any employee or agent of Win.It was not authorized by Win.It, nor undertaken on behalf of Win.It, nor within the employee's or agent's scope of employment or agency with Win.It.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Third Parties)

**141.**   Plaintiffs' claims are barred, in whole or in part, because any alleged damages were caused by the negligence, fault, or wrongdoing of other parties, not Win.It.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

**142.**   Plaintiffs' claims are barred, in whole or in part, because Win.It's actions were not the cause or proximate cause of its alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

143.   Plaintiffs' claims are barred, in whole or in part, because Win.It acted at all times in good faith and upon a reasonable understanding that the products that they obtained from others were obtained based upon a reasonable understanding of such person's rights to sell such products.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Absence of Deception)

144.   Plaintiffs' claims for Unfair Competition are barred, in whole or in part, on the grounds that Win.It's conduct is not likely to mislead the public or unfairly harm Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unavailability of Damages / Disgorgement of Profit)

145.   Plaintiffs' claims for Unfair Competition, are barred, in whole or in part, because Plaintiffs cannot recover an award of compensatory damages, punitive damages, or disgorgement of profits.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

146.   Plaintiffs' claims are barred because Plaintiffs have failed to join indispensible parties.

## ADDITIONAL AFFIRMATIVE DEFENSES

Win.It reserves the right to raise additional affirmative defenses as they become known through further investigations and discovery.

///

///

///

///

17

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Win.It asks the Court to enter Judgment as follows:

**A.**    For a Judgment in its favor and denying the Plaintiffs all relief requested by way of the FAC;

**B.**    For a Judgment Dismissing the FAC with prejudice;

**C.**    For Costs of Suit and Attorneys' Fees; and

**D.**    For all other relief as this Court may deem is just and proper.

DATED:  April 30, 2018                DORSEY & WHITNEY LLP

                                        By:  */s/ Jeremy T. Elman*
                                             Attorneys for Defendant
                                             WIN.IT AMERICA, INC.

18

4834-4992-0099\1

**<u>JURY DEMAND</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Win.It hereby demands a trial by jury on all issues so triable.


DATED:  April 30, 2018          DORSEY & WHITNEY LLP


                                By:  *<u>/s/ Jeremy T. Elman</u>*
                                     Attorneys for Defendant
                                     WIN.IT AMERICA, INC.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

4834-4992-0099\1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District, Western Division, by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  April 30, 2018                    DORSEY & WHITNEY LLP

By:  */s/ Jeremy T. Elman*
         Jeremy T. Elman

20

4834-4992-0099\1